IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 2 3 2002

[Clerk signature]
CLERK

JAMES W. EDEN

    Plaintiff,

vs.  CIV NO. 02 - 0423 M/LFG

LANCE VOSS; PETER MAGGIORE;
ANA MARIE ORTIZ; EBERLINE ANALYTICAL
CORPORATION; AND RINCHEM COMPANY, INC.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on the Defendant Eberline Analytical Corporation's Motion to Dismiss for failure to state a claim upon which relief can be granted and for misjoinder of a party. Having reviewed the moving papers, I find the Motion is well taken and will be GRANTED. Defendant Eberline Analytical Corporation is hereby dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6) and for misjoinder of a party under Fed. R. Civ. P. 21.

Defendant Eberline has argued that it has been mistakenly named as a party. The Complaint alleges that Eberline along with Rinchem Company and certain officers of the New Mexico Environment Department entered Plaintiff's properties pursuant to a state court warrant



in order to inspect and seize items of alleged hazardous waste. The Complaint further alleges that Eberline, Rinchem and various unidentified defendants trespassed on Plaintiff's properties and exercised dominion and control over his personal property without Plaintiff's consent.

It is undisputed that in July, 2000, Rinchem Company and officers of the New Mexico Environment Department did enter upon Plaintiff's properties pursuant to an Administrative Search and Seizure Warrant which had been issued by a state court judge. Eberline, however, denies having anything to do with the search and seizure incident and states that Plaintiff has mistakenly named it as a Defendant. It is undisputed that Rinchem and Benchmark Environmental Corporation had entered into a teaming agreement under which Benchmark, as the contractor, and Rinchem, as the subcontractor, bid and received a state contract with the New Mexico Environment Department to help the Department remediate environmental conditions involving hazardous waste. Pursuant to that contract, Rinchem entered Plaintiff's properties at the direction of the officers of the New Mexico Environment Department and removed over 1200 containers of alleged hazardous waste.

Eberline states that is a separate and distinct legal entity from Benchmark Environmental Corporation. In support of its statement, Eberline has attached to its motion the New Mexico Public Regulation Commission "Corporation Information Inquiry."[1] These public records demonstrate that Rinchem Company, Inc., Eberline Analytical Corporation and Benchmark Environmental Corporation are separate and distinct corporations, each with its own SCC

---

[1]The New Mexico Public Regulation Commission, charged with the creation, recognition and dissolution of corporations in New Mexico, maintains the Corporation Information Inquiry Reports as part of its daily activities. The database is open to the public and is available at www.nmprc.state.nm.us.

2

number, its own Tax & Revenue number, its own officers and its own directors. Thus, from the public records, I have concluded that Eberline Analytical Corporation is not Benchmark Environmental Corporation and was mistakenly named and joined as a Defendant in this dispute.[2]

Plaintiff has argued that since this is a motion to dismiss for failure to state a claim upon which relief can be granted no matters outside the pleadings may be considered and that all allegations of his Complaint must be taken as true for purposes of the motion. A motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) is subject to a stringent standard of review and will only be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief against this defendant. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence in support of his claim, in this case against this particular defendant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff James Eden is pro se and as such his pleadings are entitled to be liberally construed and held to a less stringent standard than pleadings drafted by counsel. *Haines v.*

---

[2]Part of the confusion seems to have arisen because Eberline Analytical Corporation has had some recent connection with Benchmark Environmental Corporation. The Defendant Rinchem Corporation filed a Motion to Dismiss or in the Alternative for Summary Judgment. As part of its undisputed material facts in support of its Motion, it stated that "Rinchem is an agent for NMED as an authorized subcontractor for Eberline Analytical Corporation, formerly known as Benchmark Environmental Corporation..." [Doc. No. 4] However, there has been no corporate name change or dissolution recorded in the public records concerning Benchmark Environmental Corporation. Further confusing the matter is the announcement by Eberline that it had moved its corporate headquarters to the address previously used by Benchmark Environmental Corporation - 7021 Pan American Freeway NE, Albuquerque - in Benchmark's corporate filings. [www.eberlineservices.com - News release of January 7, 2002].

3

*Kerner*, 404 U.S. 519, 520-21 (1972). The Complaint alleges that Eberline participated in the inspection and seizure of the alleged hazardous waste from Plaintiff's properties and Plaintiff argues that these allegations are sufficient in and of themselves to defeat the motion to dismiss. Furthermore, Plaintiff has argued that the public records of the New Mexico Public Regulation Commission are hearsay and that matters outside the Complaint may not be considered by this court in a 12 (b)(6) motion. But Plaintiff is mistaken.

Normally when matters outside the pleadings are presented in conjunction with a 12 (b)(6) motion, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12 (b). "However there are several exceptions to that general rule. ... [C]ourts are allowed to take judicial notice of matters in the general public record, including records and reports of administrative bodies ... without converting a motion to dismiss into a motion for summary judgment. *Black v. Arthur*, 18 F. Supp.2d 1127, 1131 (D. Or. 1998). Furthermore, Fed. R. Civ. P. 803 (6) and (8) excludes records kept in the regularly conducted business and public records and reports from the hearsay rule. Therefore, I may take judicial notice of the corporation records of the New Mexico Public Regulation Commission and consider them in this motion to dismiss without converting the motion into one for summary judgment.

Eberline has presented a public record that establishes that it has no legal connection to Benchmark Environmental or Rinchem Company and that is a separate and distinct corporation. It has been named incorrectly in the Complaint and no amount of arguing by the Plaintiff is going to change it into one or more of the parties who participated in the inspection and seizure of the alleged hazardous waste from Mr. Eden's properties. Therefore I find that the Complaint fails to state a claim against Eberline Analytical Corporation upon which relief can be granted.

4

Pursuant to Fed. Rules. Civ. P. 12 (b)(6) and 21, I hereby dismiss Eberline Analytical Corporation from this lawsuit.

_____
SENIOR UNITED STATES JUDGE

5