IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES W. EDEN

      Plaintiff,

vs.                                                          CIV  NO. 02 - 0423  M/LFG

LANCE VOSS; PETER MAGGIORE;
ANA MARIE ORTIZ; EBERLINE ANALYTICAL
CORPORATION; AND RINCHEM COMPANY, INC.

      Defendants.

## MEMORANDUM OPINION AND ORDER

Defendants Peter Maggiore and Ana Marie Ortiz filed Motions to Dismiss (Doc.. Nos. 11 and 18) based on Federal Rule of Civil Procedure 12(b)(6). Having reviewed the motions, the supporting memoranda, the responses and replies, I find that both motions should be GRANTED. Defendants Ana Marie Ortiz and Peter Maggiore are the two remaining named defendants in this case. All other named defendants have previously been dismissed. I also find that Plaintiff's claims against all "Unknown Does 1-10" should be dismissed.

PROCEDURAL BACKGROUND

Plaintiff James W. Eden, a pro se plaintiff, has brought this lawsuit under 42 U.S.C. §1983 charging Defendants Ortiz and Maggiore with violating his constitutional rights guaranteed to him by the Fourth and Fourteenth Amendments. Specifically, Eden charges Ortiz with violating his rights when she prepared and filed an application for an Administrative Search and Seizure Warrant in state court. Eden charges Maggiore with violating his civil rights by ratifying the actions of Ortiz. Both Defendants are also charged with conspiring to violate Mr. Eden's civil rights. Mr. Eden also requests compensation from these Defendants for his time and energy in bringing this lawsuit.

A pro se plaintiff is entitled to additional deference by the Court. The pleadings of a pro se party must be liberally construed and held to a less stringent standard than pleadings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even liberally construing the Complaint, I find that the Complaint fails to state a claim upon which relief can be granted against the two Defendants, Ana Marie Ortiz and Peter Maggiore.

## FACTUAL BACKGROUND

This case is one in a series of long-standing disputes between the Plaintiff Mr. James W. Eden and the New Mexico Environment Department and the City of Albuquerque. The disputes between the governmental agencies and Mr. Eden stem from the alleged storage of hazardous waste on two parcels of land owned by Mr. Eden. The parcels of land, 9400-9424 Susan NE and 2745 Jefferson NE, are both within the city limits of Albuquerque.

Hazardous waste and its storage in New Mexico is regulated by the Hazardous Waste Act, N. M. Stat. Ann. §§74-4-1 et seq. (2002 Supp.). Beginning in 1999, the City of Albuquerque attempted to work with Mr. Eden to clean up the trash and debris on his property. In the course of this clean up work, the City of Albuquerque found evidence of storage of unknown substances which its personnel thought might be hazardous waste. The City reported its findings to the New Mexico Environment Department. The Environment Department contacted Mr. Eden in January and April, 2000, asking him to allow the Department to inspect the properties "in order to verify if the substances stored at your property adequately meet the requirements pertaining to hazardous waste regulations of the State". Mr. Eden would not respond to the requests for an inspection.

In July, 2000, the Department, through its attorney and employee, Ana Marie Ortiz, applied for an Administrative Search and Seizure Warrant. It is this warrant application, which covered both

properties, which forms the basis of Mr. Eden's complaint against Ms. Ortiz and Mr. Maggiore.  Ms. Ortiz filed the application in the Second Judicial District Court, Bernalillo County with an affidavit from Lance Voss, an Inspection Officer from the New Mexico Environment Department and supporting documents.  Judge James F. Blackmer of the Second Judicial District Court issued an "Amended Inspection and Seizure Order, Administrative Search Warrant" on July 17, 2002 which was amended nunc pro tunc on July 24, 2000.  The Administrative Search and Seizure Warrant allowed Lance Voss, his supervisor, other inspection officers of the New Mexico Environmental Department, and their agents to have access to the properties, and to inspect, sample and photograph the material listed on the application.  In addition, the warrant allowed the Department to seize any hazardous waste which posed or was likely to pose an imminent hazard to human health and safety.

      The warrant was executed from July 20 to 24, 2002.  The New Mexico Environment Department and its agents entered the properties, inspected, tested material suspected to be hazardous waste and removed material which the Department determined posed or was likely to pose an imminent hazard to human health and safety.  The Department and its agents removed over 1200 containers of wastes and substances from the two properties including petroleum distillates, acetone, methyl ethyl ketone, chlordane, lead paints, flammable paints, hydrochloric acid, mercury, lead acid batteries, PCB blasts, ethylene glycol, potassium hydroxide, asbestos, chlorinated solvents, potassium cyanide and other hazardous substances.

      The New Mexico Environment Department brought a civil enforcement action against Mr. Eden entitled *State of New Mexico, ex rel. Peter Maggiore et al v. James Wallace Eden*, 2001-6918, Second Judicial District Court.  The case was filed in state court, removed to federal court and remanded to state court.  That case seeks injunctive relief requiring Mr. Eden to cease disposing of or

storing hazardous waste on his Albuquerque properties, costs to reimburse the Department for its activities in conjunction with the hazardous waste at issue, and civil and punitive damages for violations of hazardous waste statutes and regulations.

Mr. Eden brought this lawsuit in federal court. He charged various defendants with violating his constitutional rights guaranteed to him by the Fourth and Fourteenth Amendments. Plaintiff alleged that the Administrative Search and Seizure Warrant was issued without probable cause, was overbroad, and gave too much discretion to the agents of the Department. Plaintiff argued that as a result of the allegedly unlawful warrant, the Defendants deprived him of his property without due process of law. Mr. Eden also alleged theories of state common law torts of trespass and conversion against some of the Defendants.

Senior Judge E. L. Mechem held in a previous Memorandum Opinion and Order filed September 3, 2002, that Mr. Eden failed to establish that the agent of the New Mexico Environment Department, Rinchem Company, violated his constitutional rights under 42 U.S.C. §1983 when it conducted the inspection and seized suspected items of hazardous waste. Judge Mechem found that the Administrative Search and Seizure Warrant was supported by probable cause and was therefore constitutional. He also determined that the warrant was not overbroad and was lawful in its scope, being authorized by the New Mexico Hazardous Waste Act. Summary Judgment was granted to Rinchem Company. Eberline Analytical Corporation was dismissed for misjoinder of a party. Defendant Lance Voss has also been dismissed because Plaintiff failed to serve Voss in a timely fashion.

## STANDARD OF REVIEW FOR A MOTION TO DISMISS

The standards of review for a motion to dismiss for failure to state a claim are well established. All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most

favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the Plaintiff. *Dill v. City of Edmond,* 155 F.3d 1193, 1201 (10th Cir. 1998). "A 12 (b)(6) motion should not be granted 'unless if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *David v. City and County of Denver,* 101 F.3d 1334, 1352 (10th Cir. 1996), *cert. denie*d, 522 U.S. 858 (1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The question is not whether the plaintiff will ultimately prevail, but whether the allegations entitle plaintiff to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ABSOLUTE IMMUNITY FOR DEFENDANT ORTIZ

Defendant Ana Marie Ortiz is a Special Assistant Attorney General of the State of New Mexico and acts as the Assistant General Counsel for the New Mexico Environment Department. As such, she submitted an Application for an Administrative Search Warrant on July 12, 2000 to the Second Judicial District, which was subsequently amended and filed again on July 17, 2000. As a result of this Application, Judge James F. Blackmer issued an Amended Inspection and Seizure Order, Administrative Search Warrant on July 24, 2000, amended nunc pro tunc to July 17, 2000.

Defendant Ortiz is entitled to absolute immunity as a prosecutor involved in the application for an administrative search warrant. This absolute immunity bars this or any other 42 U.S.C. §1983 suit against her for actions she engaged in as a prosecutor. Therefore, the Complaint fails to state a cause of action upon which relief can be granted and will be dismissed against Defendant Ortiz under Fed. R. Civ. P. 12(b)(6).

The absolute immunity of a state prosecutor was firmly established in *Imbler v. Pachtman*, 424 US. 409 (1976). Just as a prosecutor was entitled to absolute immunity at common law when he or she acted within the scope of prosecutorial duties, so is a prosecutor entitled to absolute immunity

when those actions become an issue in a civil rights action brought under 42 U.S.C. §1983. *Id.* The same considerations of public policy which supported the common law grant of absolute immunity to prosecutors, the freedom to perform one's prosecutorial duty without fear of retaliatory lawsuits, support the grant of absolute immunity to prosecutors in §1983 cases. *Id.*

A prosecutor's absolute immunity to suit under 42 U.S.C. §1983 was specifically extended to a probable cause hearing on a search warrant in a criminal case in *Burns v. Reed*, 500 U.S. 478 (1991). In that case, the Supreme Court examined the function of a prosecutor in a probable cause hearing for a search warrant. The prosecutor's role was that of an advocate for the State and involved actions preliminary to the initiation of the prosecution. *Id.,* at 491. Noting that the "issuance of a search warrant is unquestionably a judicial act," the Court held that the same public policy considerations of protecting the judicial process support the grant of absolute immunity to prosecutors appearing at a probable cause hearing. *Id.,* at 492.

This absolute prosecutorial immunity also "extends to state attorneys or agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F. 2d 1484 (10th Cir. 1991), citing *Butz v. Economou*, 438 U.S. 478, 509, 515-17 (1978). The rationale behind the extension is to allow prosecutors or persons, like the Defendant Ortiz, who perform equivalent functions in an agency enforcement action, the freedom to perform their tasks without the threat of §1983 litigation. *Pfeiffer, supra*, citing *Snell v. Tunnell*, 920 F. 2d 673, 686-7 (10th Cir. 1990).

There is no question in the present case that Defendant Ortiz's actions, of which Plaintiff complains, were within the duties of a prosecutor initiating an agency enforcement action. Plaintiff argues however that the cases extending prosecutorial immunity to search warrant applications only apply to the actual appearance and testimony of the prosecutor at the probable cause hearing. He cites

*Malley v. Briggs*, 475 U.S. 335 (1986), for that proposition. Plaintiff is mistaken however. *Malley* was an action under 42 U.S.C. §1983 that involved a police officer, not a prosecutor, who applied for an arrest warrant predicated on an affidavit that did not support probable cause for an arrest. Noting that absolute immunity did not extend to complaining witnesses at common law, the Court declined to extend absolute immunity to police officers who acted in the same capacity as a complaining witness in a probable cause hearing. None of the cases involving prosecutorial absolute immunity hinge on the distinction between applying for a search warrant which is subsequently issued without a hearing and applying for a search warrant which later requires the appearance of the prosecutor at the probable cause hearing.

In this case, Judge Blackmer found the application and the accompanying affidavits sufficient evidence for him to determine independently that probable cause existed to issue the administrative search and seizure warrant. The lack of a live hearing in no way diminishes Defendant Ortiz's absolute immunity from a 42 U.S.C. §1983 suit.

### NO SUPERVISORY LIABILITY FOR DEFENDANT MAGGIORE

The Complaint alleges that Defendant Peter Maggiore is the Secretary and head of the New Mexico Environment Department, in which capacity he approved and ratified the actions of Defendant Ortiz. The Complaint does not allege that Defendant Maggiore engaged in other activity which might have violated the Plaintiff's constitutional rights. [1]

The doctrine of *respondeat superior* is not applicable to cases brought under 42 U.S.C. §1983. *Monell v. Department of Social Services*, 436 US. 658 (1978). A supervisor can only be held responsible in a §1983 suit for the alleged unconstitutional actions of an employee if the supervisor

---

[1] The Complaint also alleges that Maggiore was responsible for the training, instruction, supervision, discipline and control of Defendant Lance Voss. However, Voss has been dismissed from this lawsuit.

"caused" the employee to violate another's constitutional rights. *Id.*, at 692. There are no allegations in the Complaint that Defendant Maggiore "caused" Defendant Ortiz to violate the Plaintiff's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). With only the bare allegation that Maggiore approved the actions of Ortiz, the Complaint fails to state a cause of action upon which relief can be granted against Defendant Maggiore and must be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

## CONSPIRACY CLAIM

The Plaintiff also states in the heading of his First Cause of Action, Count I, that the Defendants conspired to deprive him of his constitutionally protected rights. To state a cause of action for conspiracy to deprive one of constitutionally protected rights, the plaintiff must allege specific facts showing agreement and concerted action among the defendants. *Durre v. Dempsey*, 869 F. 2d 543, 545 (10th Cir. 1989). There must be allegations of a single plan, the existence and scope of which are known to each person alleged to be in the conspiracy, even if the participants did not know the exact details of the plan. *Snell v. Tunnell*, 920 F. 2d 673, 702 (10th Cir. 1990). The Complaint is devoid of allegations of a conspiracy; it contains only a heading of the Count, "Conspiracy to Violate Civil Rights" and nothing further. Since the Complaint does not contain allegations with the requisite specificity to state a claim for conspiracy, that portion of the Complaint will also be dismissed for failure to state a claim upon which relief can be granted.

## JOHN DOE DEFENDANTS

Judge Mechem noted in his Memorandum Opinion and Order of September 3, 2002 that if the "Unknown Does 1-10" mentioned in Plaintiff's Complaint cannot be identified, then those Defendants should be dismissed under Fed. R. Civ. P. 21. The Plaintiff has still not identified the "Unknown Does 1-10" although more than three months have passed since Judge Mechem noted the Court's disfavor of

the use of "John Doe" defendants.  Because Plaintiff's claims against all named Defendant have been or are being dismissed and because Plaintiff has filed to identify any of the "Unknown Does 1-10", they and all claims which might lie against them, should be dismissed without prejudice.  If Plaintiff ever determines the identity of any of the "Unknown Does 1-10", he can bring suit against them at that time.

IT IS THEREFORE ORDERED THAT:

1.  Defendant Peter Maggiore's Motion to Dismiss Complaint (Doc. No. 11) is granted and all of Plaintiff's claims against Defendant Peter Maggiore are dismissed with prejudice.

2.  Defendant Ana Marie Ortiz' Motion to Dismiss Complaint (Doc. No. 18) is granted and all of Plaintiff's claims against Defendant Ana Marie Ortiz are dismissed with prejudice.

3.  All of Plaintiff's claims against "Unknown Does 1-10" are dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE