IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES W. EDEN,

    Plaintiff,

vs.                                                      Civ. No. 02-0423 JP/LFG

LANCE VOSS; PETER MAGGIORE;
ANA MARIE ORTIZ; EBERLINE ANALYTICAL
CORPORATION; RINCHEM COMPANY, INC.;
DEBBIE BRINKERHOFF; KEVIN KRAUSE;
BRIAN SALEM; SANDRA MARTINE; and
Unknown DOES 1-5;

    Defendants.

MEMORANDUM OPINION AND ORDER

        On December 14, 2004, Defendant Ana Marie Ortiz filed Defendant Ana Marie Ortiz' Motion for Summary Judgment and for Qualified Immunity (Doc. No. 68).  Having reviewed the briefs and relevant law, the Court finds that Defendant Ortiz' motion should be granted.

A.  Background

        This action involves a July 2000 administrative search warrant prepared by Defendant Ortiz, a New Mexico Environment Department (NMED) attorney, to search two of Plaintiff's properties for the unlawful storage of hazardous waste.  The state court issued the administrative search warrant which resulted in the search of Plaintiff's properties and the seizure of various items from those properties.  Plaintiff claims that the Defendants also destroyed various other items in the course of searching his properties.

        Plaintiff brings three causes of action.  Plaintiff's First Cause of Action is brought under 42 U.S.C. §1983.  Plaintiff alleges that the Defendants engaged in an unreasonable search of

Plaintiff's properties, an unlawful seizure of items from those properties, and the destruction of other items on the properties.  First Amended Complaint for Civil Rights Violations; Jury Trial Requested (Doc. No. 66) at ¶¶13-30, filed Dec. 7, 2004.  With respect to Defendant Ortiz, in the First Cause of Action Plaintiff specifically alleges that "Defendant ORTIZ prepared the application for the above warrant and filed it in state court on or about July 24, 2000 when she knew or should have known there was no basis for any 'hazardous waste' claims made by Defendant VOSS."  *Id*. at ¶15.  Plaintiff alleges that Defendant Voss, an NMED employee, signed the application for an administrative search warrant although "he had no reasonable basis or evidence" that Plaintiff "*might* be storing and/or transporting 'hazardous waste' on his properties...."  *Id*. at ¶14.  Defendant Ortiz' uncontradicted affidavit states that her action regarding the search of Plaintiff's properties, the seizure of items from Plaintiff's properties, and the alleged destruction of other items on those properties was limited to the preparation of the application for an administrative search warrant.  Affidavit of Ana Marie Ortiz in Support of Motion for Summary Judgment, Ex. A (attached to Memorandum in Support of Ana Marie Ortiz' Motion for Summary Judgment and for Qualified Immunity (Doc. No. 69), filed Dec. 14, 2004).

Plaintiff's Second Cause of Action is also brought under §1983.  Plaintiff alleges that the Defendants deprived Plaintiff of property without procedural due process under the Fourteenth Amendment.  The Plaintiff bases this cause of action on the allegation that "[a]t no time, either before or after the above property seizure and/or destruction, was there any hearing regarding the taking of the property."  *Id*. at ¶32.

Finally, Plaintiff's Third Cause of Action is actually a request for special damages against all of the Defendants in which the Plaintiff seeks compensation for his "lost time and energy

Case 1:02-cv-00423-JAP-LFG   Document 112   Filed 09/14/05   Page 3 of 7

necessary to prosecute this action." *Id.* at ¶39.

B. Discussion

Defendant Ortiz argues that she is entitled to qualified immunity in a summary judgment context as to all of Plaintiff's claims against her.[1] Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). This is a heavy burden for the plaintiff. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)(citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1534-35). If, and only if, the plaintiff establishes both elements of the qualified immunity test does a defendant then bear the traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1535)). In other words, although the court "review[s] the

---

[1]Plaintiff argues that Defendant Ortiz' motion for summary judgment should be treated as a motion to dismiss because the Honorable Chief Magistrate Judge Lorenzo Garcia stayed discovery on October 18, 2004 so that qualified immunity issues could be resolved. Although Judge Garcia stayed formal discovery, Judge Garcia, nonetheless, stated that "[i]f a party believes that discovery is necessary in order to file a motion or respond to a motion, that party should proceed in accord with Fed. R. Civ. P. 56(f) and file an affidavit with the Court." Scheduling Order and Stay of Discovery (Doc. No. 63) at 1-2, filed Oct. 18, 2004. Plaintiff has not asked for an opportunity to engage in discovery under Rule 56(f). Plaintiff, therefore, has no basis to argue that Defendant Ortiz' motion should be treated as a motion to dismiss.

evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Cram*, 252 F.3d at 1128 (citation omitted).

    1.  First Cause of Action:  Unreasonable Search and Seizure

Defendant Ortiz argues that she is entitled to qualified immunity with respect to her preparation of the administrative search warrant because her actions were objectively reasonable. The Plaintiff alleges that Defendant Ortiz did not act in an objectively reasonable manner because she knew or should have known that Defendant Voss's claims about the presence of hazardous waste had no basis in fact.  The Court construes this allegation as a Fourth Amendment claim that Defendant Ortiz "knowingly and intentionally, or with reckless disregard for the truth," included false statements in an application for an administrative search warrant. *See Franks v. Delaware*, 438 U.S. 154, 155 (1978).  For a plaintiff to survive qualified immunity on this type of Fourth Amendment claim, the plaintiff must make a "substantial showing of deliberate falsehood or reckless disregard for the truth, such that would be needed to challenge the presumed validity of an affidavit supporting a search warrant under *Franks*...." *Snell v. Tunnell*, 920 F.2d 673, 698 (10th Cir. 1990), *cert. denied*, 499 U.S. 976 (1991)(citation omitted).   This substantial showing is met if the plaintiff comes forward with specific evidence of dishonesty.  *Id*.  Then, the "plaintiff must establish that, but for the dishonesty, the challenged action would not have occurred." *Id*. (citations omitted).

    Defendant Ortiz states in her affidavit that:

> 10.  It was my reasonable belief, based upon the representations made to me by Mr. Voss and upon my review of the law, that there was a sound basis in law and in fact for seeking the initial Inspection Order, and subsequent Amended Inspection & Seizure Order-

> Administrative Search Warrant from the Court as requested by Mr. Voss in his verified application. Before requesting the inspection orders/warrants from the Court, I discussed the matter with other attorneys who concurred in my belief that there was sound basis for obtaining an inspection order.
> 11. I had no reason to believe that there were any untrue, incorrect, incomplete or false statements of material fact contained in the application/affidavit for the Inspection Order/Administrative Search Warrant signed by Mr. Voss.

Affidavit of Ana Marie Ortiz in Support of Motion for Summary Judgment, Ex. A (attached to Memorandum in Support of Ana Marie Ortiz' Motion for Summary Judgment and for Qualified Immunity (Doc. No. 69), filed Dec. 15, 2004). The Plaintiff does not provide any evidence of dishonesty by Defendant Ortiz, let alone specific evidence of dishonesty, to rebut these statements by Defendant Ortiz. The Court, therefore, finds that the Plaintiff has not made a substantial showing of dishonesty on Defendant Ortiz' part. Consequently, the Plaintiff has not shown that Defendant Ortiz violated a constitutional right under the First Cause of Action. Defendant Ortiz is entitled to qualified immunity with respect to the First Cause of Action.

    2. Second Cause of Action: Procedural Due Process

Defendant Ortiz argues in her reply brief that the Plaintiff is not entitled to pre- or post-seizure hearings in order to satisfy procedural due process.[2] It is well-established that procedural due process does not prohibit the issuance of an *ex parte* administrative search warrant. *See 1120 Cent. Condominiums Owners Ass'n v. City of Seal Beach*, 1995 WL 370330 *2 (9th Cir.), *cert. denied*, 516 U.S. 1047 (1996)(citations omitted). Accordingly, Defendant Ortiz did not violate Plaintiff's procedural due process rights by obtaining the administrative search warrant without

---

[2]Defendant Ortiz did not initially address Plaintiff's Second Cause of Action in her motion for summary judgment and qualified immunity. Plaintiff noted in his response brief that Defendant Ortiz failed to address the Second Cause of Action. Consequently, Defendant Ortiz addressed the Second Cause of Action for the first time in her reply brief. Plaintiff has not requested permission to file a surreply.

first affording Plaintiff a hearing on the administrative search warrant.

Once the state seizes property under a search warrant, procedural due process requires only that the state provide an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). In this case, the applicable state law says "[a] person aggrieved by a search and seizure may move for the return of the property and to suppress its use as evidence." NMRA, Rule 5-212(A). The Plaintiff does not argue that Rule 5-212(A) is an inadequate post-deprivation remedy nor does the Plaintiff indicate that he even availed himself of this remedy. "A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d. Cir. 2000)(internal quotation marks omitted). The Court, therefore, finds that the Plaintiff has not shown that Defendant Ortiz violated his procedural due process rights by not providing either a pre- or post-deprivation hearing. Hence, Defendant Ortiz is entitled to qualified immunity with regard to Plaintiff's procedural due process claim under the Second Cause of Action. Finally, since Defendant Ortiz is entitled to qualified immunity under both the First Cause of Action and the Second Cause of Action, Plaintiff's Third Cause of Action (which only requests damages) necessarily becomes moot with respect to Defendant Ortiz.[3]

IT IS ORDERED that Defendant Ana Marie Ortiz' Motion for Summary Judgment and for Qualified Immunity (Doc. No. 68) is granted and all of Plaintiff's claims against Defendant

---

[3] In fact, the parties do not discuss the merits of the Third Cause of Action in their briefs on Defendant Ortiz' motion for summary judgment and for qualified immunity.

Ortiz will be dismissed with prejudice.

                                                                     */s/ James A. Parker*
                                          SENIOR UNITED STATES DISTRICT JUDGE