IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES W. EDEN,

    Plaintiff,

vs.                                                                   Civ. No. 02-0423 JP/LFG

LANCE VOSS; PETER MAGGIORE;
EBERLINE ANALYTICAL
CORPORATION; RINCHEM COMPANY, INC.;
DEBBIE BRINKERHOFF; KEVIN KRAUSE;
BRIAN SALEM; SANDRA MARTINE; and
Unknown DOES 1-5;

    Defendants.

MEMORANDUM OPINION AND ORDER

        On December 14, 2004, Defendant Peter Maggiore filed Defendant Peter Maggiore's Motion for Summary Judgment and for Qualified Immunity (Doc. No. 70). Having reviewed the briefs and relevant law, the Court finds that Defendant Maggiore's motion should be granted.

A. Background

        This action involves a July 2000 administrative search warrant prepared by New Mexico Environment Department (NMED) employees to search two of Plaintiff's properties for the unlawful storage of hazardous waste. The state court issued the administrative search warrant which resulted in the search of Plaintiff's properties and the seizure of various items from those properties. Plaintiff claims that the Defendants also destroyed various other items in the course of searching his properties.

        Defendant Maggiore was the Secretary of the NMED at the time of the search and seizure at issue. Plaintiff alleges that Defendant Maggiore "was responsible for the training, instruction,

supervision, discipline, and control of all the above defendants.  He is sued in his individual capacity."  First Amended Complaint for Civil Rights Violations; Jury Trial Requested (Doc. No. 66) at ¶9, filed Dec. 7, 2004.  In his uncontested affidavit, Defendant Maggiore claims that his only involvement in the search of Plaintiff's properties and subsequent seizure of items from those properties occurred when he granted a request for the release of hazardous waste emergency funds to conduct "inventory, sample, and characterization activities" on Plaintiff's properties, i.e., to search Plaintiff's properties.  Ex. 1, Affidavit of Peter Maggiore in Support of Motion for Summary Judgment on the Basis of Qualified Immunity (attached to Memorandum in Support of Peter Maggiore's Motion for Summary Judgment and for Qualified Immunity (Doc. No. 71), filed Dec. 14, 2005).  This request for funds was made in a July 20, 2000 Memorandum to Defendant Maggiore from James P. Bearzi, Chief of the Hazardous Waste Bureau (the Bearzi Memorandum).  Ex. A (attached to Memorandum in Support of Peter Maggiore's Motion for Summary Judgment and for Qualified Immunity).

   Plaintiff brings three causes of action in his First Amended Complaint.  Plaintiff's First Cause of Action is brought under 42 U.S.C. §1983.  Plaintiff alleges that the Defendants engaged in an unreasonable search of Plaintiff's properties, an unlawful seizure of items from his properties, and the destruction of other items on the properties.  Plaintiff further alleges that Defendant Voss, an NMED employee, signed the application for an administrative search warrant although "he had no reasonable basis or evidence" that Plaintiff "*might* be storing and/or transporting 'hazardous waste' on his properties...."  First Amended Complaint at  ¶14.  Plaintiff then alleges that "Defendant ORTIZ prepared the application for the above warrant and filed it in state court on or about July 24, 2000 when she knew or should have known there was no basis

2

for any 'hazardous waste' claims made by Defendant VOSS." *Id*. ¶15.  Plaintiff specifically alleges that "[t]he above described activities were approved and ratified by defendant MAGGIORE in his official capacity." *Id*. at ¶16.  On September 14, 2005, the Court granted summary judgment in favor of Defendant Ortiz with respect to the First Cause of Action.[1]  Consequently, Plaintiff's First Cause of Action against Defendant Maggiore is limited to his alleged approval and ratification of Defendant Voss' actions.

Plaintiff's Second Cause of Action is also brought under §1983.  Plaintiff alleges that the Defendants deprived Plaintiff of property without procedural due process under the Fourteenth Amendment.  The Plaintiff bases this cause of action on the allegation that "[a]t no time, either before or after the above property seizure and/or destruction, was there any hearing regarding the taking of the property." *Id*. at ¶32.

Finally, Plaintiff's Third Cause of Action is actually a request for special damages against all of the Defendants in which the Plaintiff seeks compensation for his "lost time and energy necessary to prosecute this action." *Id*. at ¶39.

---

[1] The Court determined that Defendant Ortiz was entitled to qualified immunity on all of Plaintiff's claims against her because the Plaintiff failed to show that Defendant Ortiz violated Plaintiff's constitutional rights.  Memorandum Opinion and Order (Doc. No. 112), filed Sept. 14, 2005.

B.  Discussion:  Qualified Immunity[2]

Defendant Maggiore argues that he is entitled to qualified immunity in a summary judgment context[3] as to all of Plaintiff's claims against him.[4]  Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000).  This is a heavy burden for the plaintiff. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)(citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)).  "'First, the plaintiff must

---

[2]Defendant Maggiore initially argues that he is entitled to summary judgment (not based on qualified immunity) on a failure to adequately train and/or supervise claim.  The Court, however, construes the First Amended Complaint to state only a supervisory liability claim against Defendant Maggiore.  *See Eden v. Voss, et. al*, 105 Fed. Appx. 234, 246 (10th Cir. 2004)(Plaintiff stated a claim of supervisory liability against Defendant Maggiore when he asserted that Defendant Maggiore "approved and ratified" the actions of Defendants Ortiz and Voss).  Plaintiff's allegation that Defendant Maggiore "was responsible for the training, instruction, supervision, discipline, and control of all the above defendants" simply establishes Defendant Maggiore's alleged supervisory position; it does not state a claim for damages based on Defendant Maggiore's failure to adequately train and/or supervise Defendants. *Id*. at ¶9.

[3]Plaintiff argues that Defendant Maggiore's motion for summary judgment should be treated as a motion to dismiss because the Honorable Chief Magistrate Judge Lorenzo Garcia stayed discovery on October 18, 2004 so that qualified immunity issues could be resolved.  Although Judge Garcia stayed formal discovery, Judge Garcia, nonetheless, stated that "[i]f a party believes that discovery is necessary in order to file a motion or respond to a motion, that party should proceed in accord with Fed. R. Civ. P. 56(f) and file an affidavit with the Court."  Scheduling Order and Stay of Discovery (Doc. No. 63) at 1-2, filed Oct. 18, 2004.  Plaintiff has not asked for an opportunity to engage in discovery under Rule 56(f).  Plaintiff, therefore, has no basis for his argument that Defendant Maggiore's motion should be treated as a motion to dismiss.

[4]Although Defendant Maggiore generally argues that he is entitled to qualified immunity on all of Plaintiff's claims, Defendant Maggiore focuses his arguments on the First Cause of Action.

4

demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1534-35). If, and only if, the plaintiff establishes both elements of the qualified immunity test does a defendant then bear the traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1535)). In other words, although the court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Cram*, 252 F.3d at 1128 (citation omitted).

    1. First Cause of Action: Supervisory Liability

Defendant Maggiore argues that he is entitled to qualified immunity with respect to any claim of supervisory liability. In *Eden*, 105 Fed. Appx. at 246, the Tenth Circuit held that

> Supervisory liability "requires allegations of personal direction or of actual knowledge and acquiescence." Mr. Eden "must demonstrate an affirmative link between [Mr. Maggiore's] conduct and the constitutional deprivation; liability based upon respondeat superior will not do." Mr. Eden must show that Mr. Maggiore "expressly, or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation."

Citations omitted. Defendant Maggiore's uncontested affidavit states that

> 9. My review and approval of the Bearzi Memorandum was my only involvement in the matters related to Mr. Eden's Complaint.
> 10. Normally, my job duties did not involve my personal participation in the process of obtaining search warrants or conducting inventorying, sampling and characterization activities.
> 11. I did not authorize, supervise or participate in the process of obtaining any search warrant to search Mr. Eden's property or to seize Mr. Eden's property. I first learned of the search warrant in the Bearzi Memorandum.

>    12. I did not know any allegations or statements of fact in the application/affidavit for the search warrant were incorrect, incomplete or false. I did not see the warrant or its application/affidavit.

Ex. 1, Affidavit of Peter Maggiore (attached to Memorandum in Support of Peter Maggiore's Motion for Summary Judgment and for Qualified Immunity).  Plaintiff has not rebutted these statements by Defendant Maggiore with contrary evidence.   Instead, Plaintiff argues that as a nonmoving party he is entitled to a "presumption" that Defendant Maggiore "was responsible for the training, instruction, supervision, discipline, and control" of the Defendants as alleged in ¶9 of the First Amended Complaint.  Although Plaintiff alleges in ¶9 of the First Amended Complaint that Defendant Maggiore held a supervisory position, that allegation is insufficient to rebut Defendant Maggiore's affidavit.  The Plaintiff cannot rely on his pleadings to defend against a motion for summary judgment.  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991)(the non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings).

   Defendant Maggiore's statements in his affidavit indicate that he did not personally direct Defendant Voss to prepare the application for an administrative search warrant, or that Defendant Maggiore had actual knowledge that Defendant Voss was preparing an application for an administrative search warrant and acquiesced in its preparation.  Moreover, although Plaintiff correctly states that there is a "causal" link between Defendant Maggiore's authorization to fund the search of Plaintiff's properties and the ultimate search of Plaintiff's properties, Defendant Maggiore's authorization of funding does not establish an affirmative link between Defendant Maggiore's action and the alleged unconstitutional action by Defendant Voss in initially preparing the application for an administrative search warrant.  The Court, therefore, finds that the Plaintiff

has not shown that Defendant Maggiore is subject to supervisory liability under the First Cause of Action.

Even if Plaintiff had shown that Defendant Maggiore is subject to supervisory liability, the Plaintiff would have to address the second prong of the qualified immunity analysis, namely, "'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Douglas v. Dobbs*, 419 F.3d 1097, 1101 (10th Cir. 2005)(quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).  In other words, "'would an objectively reasonable official have known that his conduct was unlawful?'" *Id*. (quoting *Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005)).  Having examined the Bearzi Memorandum and Defendant Maggiore's uncontested affidavit, the Court finds that an objectively reasonable official in Defendant Maggiore's position would not have known that the approval of the funding for the search of Plaintiff's properties was somehow unlawful.  Since the Plaintiff has failed to meet either the second prong or the first prong of the qualified immunity analysis, the Court concludes that Defendant Maggiore is entitled to qualified immunity with respect to the First Cause of Action.

    2.  Second Cause of Action:  Procedural Due Process

Plaintiff notes in his response brief that Defendant Maggiore failed to address the Second Cause of Action in his motion for summary judgment and for qualified immunity.  Interestingly, Defendant Maggiore likewise did not address the Second Cause of Action in his reply brief. Nonetheless, the Court can *sua sponte* grant summary judgment in a qualified immunity context "if 'the losing party was on notice that [he] had to come forward with all of [his] evidence.'" *Ward v. Utah*, 398 F.3d 1239, 1245 (10th Cir. 2005)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *Scull v. New Mexico*, 236 F.3d 588, 600-01 (10th Cir. 2000).   Even if the

losing party does not have notice to come forward with evidence, summary judgment can be granted *sua sponte* if the losing party is not prejudiced by the lack of notice. *Ward*, 398 F.3d at 1245-46 (citing *Scull*, 236 F.3d at 600-01). In this case, the Plaintiff had notice to come forward with evidence because Defendant Peter Maggiore's Motion for Summary Judgment and for Qualified Immunity stated the standard for summary judgment as did the motions for summary judgment filed by Defendants Ortiz, Rinchem, and Eberline in mid-December 2004. Doc. Nos. 68, 72, and 74. In addition, Plaintiff should be familiar with the summary judgment standard since he opposed a previous motion for summary judgment filed by Defendant Rinchem on June 18, 2002 (Doc. No. 4) and even appealed the Court's grant of summary judgment in Defendant Rinchem's favor to the Tenth Circuit on January 16, 2003. *See also* Scheduling Order and Stay of Discovery (Doc. No. 63), filed Oct. 18, 2004 (alerting Plaintiff to the availability of discovery requests under Fed. R. Civ. P. 56(f) to respond to motions for summary judgment). Relying on the law of the case established in the September 14, 2005 Memorandum Opinion and Order (Doc. No. 112) which granted Defendant Ortiz' motion for summary judgment on the Second Cause of Action based on qualified immunity, and taking judicial notice of that Memorandum Opinion and Order, the Court finds that for the same reasons given in its September 14, 2005 Memorandum Opinion and Order at 5-6, Defendant Maggiore is entitled to qualified immunity with respect to the Second Cause of Action.

    Finally, since Defendant Maggiore is entitled to qualified immunity under both the First Cause of Action and the Second Cause of Action, Plaintiff's Third Cause of Action (which only requests damages) necessarily becomes moot with respect to Defendant Maggiore.

IT IS ORDERED that Defendant Peter Maggiore's Motion for Summary Judgment and for Qualified Immunity (Doc. No. 70) is granted and all of Plaintiff's claims against Defendant Maggiore will be dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE