IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES W. EDEN,

    Plaintiff,

vs.                                                     Civ. No. 02-0423 JP/LFG

LANCE VOSS; PETER MAGGIORE;
ANA MARIE ORTIZ; EBERLINE ANALYTICAL
CORPORATION; RINCHEM COMPANY, INC.;
DEBBIE BRINKERHOFF; KEVIN KRAUSE;
BRIAN SALEM; SANDRA MARTINE; and
Unknown DOES 1-5;

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 14, 2004, Defendant Rinchem Company, Inc. (Rinchem) filed Defendant Rinchem's Motion for Summary Judgment (Doc. No. 72). Having reviewed the briefs and relevant law, the Court finds that Rinchem's motion should be granted.

A. Background

This action involves a July 2000 administrative search warrant prepared by New Mexico Environment Department (NMED) employees to search two of Plaintiff's properties for the unlawful storage of hazardous waste. The state court issued the administrative search warrant which resulted in the search of Plaintiff's properties and the seizure of various items from those properties. Plaintiff claims that the Defendants also destroyed various other items in the course of searching his properties.

Plaintiff brings three causes of action in his First Amended Complaint. Plaintiff's First Cause of Action is brought under 42 U.S.C. §1983. Plaintiff alleges that the Defendants engaged

in an unreasonable search of Plaintiff's properties, an unlawful seizure of items from his properties, and the destruction of other items on the properties. Plaintiff specifically alleges that Rinchem "took possession of the seized property that was not destroyed, and still has possession of it." ¶25 of First Amended Complaint. In uncontested affidavits by its employees, Rinchem established that its role with respect to the search of Plaintiff's properties was limited to seizing property as directed by NMED employees.

Plaintiff's Second Cause of Action is also brought under §1983. Plaintiff alleges that the Defendants deprived Plaintiff of property without procedural due process under the Fourteenth Amendment. The Plaintiff bases this cause of action on the allegation that "[a]t no time, either before or after the above property seizure and/or destruction, was there any hearing regarding the taking of the property." *Id*. at ¶32.

Finally, Plaintiff's Third Cause of Action is actually a request for special damages against all of the Defendants in which the Plaintiff seeks compensation for his "lost time and energy necessary to prosecute this action." *Id*. at ¶39.

B. Discussion

This motion for summary judgment[1] follows the Tenth Circuit's remand of this case to the district court "to consider Mr. Eden's claims that the warrant was unconstitutionally executed and

---

[1] Plaintiff argues that Rinchem's motion for summary judgment should be treated as a motion to dismiss because the Honorable Chief Magistrate Judge Lorenzo Garcia stayed discovery on October 18, 2004 so that qualified immunity issues could be resolved. Although Judge Garcia stayed formal discovery, Judge Garcia, nonetheless, stated that "[i]f a party believes that discovery is necessary in order to file a motion or respond to a motion, that party should proceed in accord with Fed. R. Civ. P. 56(f) and file an affidavit with the Court." Scheduling Order and Stay of Discovery (Doc. No. 63) at 1-2, filed Oct. 18, 2004. Plaintiff has not asked for an opportunity to engage in discovery under Rule 56(f). Plaintiff, therefore, has no basis for his argument that Rinchem's motion should be treated as a motion to dismiss.

he was denied due process during the deprivation of his property." *Eden v. Voss, et al.*, 105 Fed. Appx. 234, 242 (10th Cir. 2004). The Tenth Circuit also instructed that "[i]f, on remand, the district court concludes that Mr. Eden stated a constitutional violation with respect to his warrant execution and due process claims, the court must consider whether Rinchem is protected by qualified immunity under the test set forth in *Richardson*." *Id*. (citing *Richardson v. McKnight*, 521 U.S. 399 (1997)).[2] However, the Tenth Circuit stated that "[w]ithout a constitutional violation, Rinchem cannot be liable under §1983 regardless of whether Rinchem, a private company, may assert a qualified immunity defense." *Id*. at 241. The first question then is whether Rinchem violated Plaintiff's constitutional rights. Only if this question is answered in the affirmative will the Court proceed to analyze the qualified immunity issue.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin*

---

[2]A private party, like Rinchem, cannot assert qualified immunity if it is "'systematically organized to assume a major lengthy administrative task ... with limited direct supervision by the government, [which] undertakes that task for profit and potentially in competition with other firms.'" *Id.* at 241-42 (quoting *Richardson*, 521 U.S. at 413). In other words, a private party may be entitled to qualified immunity if it is under the close supervision and control of a government body. *Id.* at 242.

*Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

    1. First Cause of Action: Execution of the Administrative Search Warrant

Plaintiff cites to both the Fourth and Fourteenth Amendments in the First Cause of Action which is brought against all Defendants. ¶26 of First Amended Complaint. As an initial matter, the Court *sua sponte* considers the Fourteenth Amendment claim as raised in the First Cause of Action. The Court assumes that Plaintiff's citation to the Fourteenth Amendment refers to an alleged violation of Plaintiff's right to substantive due process (Plaintiff alleges procedural due process violations in the Second Cause of Action). Unreasonable search and seizure claims, however, are analyzed under the Fourth Amendment rather than under a more general substantive due process claim. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842-43 (1998). Consequently, the Court construes the First Cause of Action as only alleging a Fourth Amendment claim against the Defendants and concludes that any substantive due process claim that Plaintiff may be attempting to assert against Rinchem or any of the other Defendants is subject to dismissal with prejudice.[3]

---

[3]A district court may *sua sponte* dismiss a *pro se* plaintiff's claim under Fed. R. Civ. P. 12(b)(6) if "'it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 125 S.Ct. 360 (2004)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

In *Lawmaster v. Ward*, 125 F.3d 1324, 1349 (10th Cir. 1997), the Tenth Circuit summarized the law with respect to Fourth Amendment violations based upon an unlawful execution of a search warrant.

> Although the Constitution does not specifically address how an officer should execute a search warrant, a warrant that is reasonably executed will withstand constitutional scrutiny. The Fourth Amendment provides individuals with security in their homes, and a search warrant, even one properly supported and properly issued, is not a license to breach that security with impunity. An officer's conduct in executing a search is subject to the Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the moment of departure. However, so long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details of how best to proceed with a search warrant's execution. Occasionally, such details include damaging property, detaining residents, or taking action necessary to protect the searching officers. However, because the touchstone of the constitutionality of an officer's conduct during a search is reasonableness, when executing a search warrant, an officer is limited to conduct that is reasonably necessary to effectuate the warrant's purpose.
>
> We note that whether an officer's conduct is reasonable is a highly fact-dependent inquiry that can only be determined on a case-by-case basis. Essentially then, we look to the totality of the circumstances to determine whether the officer's conduct was reasonably necessary to effectuate the warrant's purposes.

Citations omitted.

In this case, Rinchem submitted two affidavits by its employees, John Fitzsimons and Johnnie Griego. In their affidavits they explained how, after police presented Plaintiff with the administrative search warrant, NMED employees directed Rinchem employees to seize various items from Plaintiff's properties. The Plaintiff did not present any evidence to contradict the affidavits. Furthermore, the Plaintiff does not make any arguments about the reasonableness of the actions taken by Rinchem's employees. Rather, the Plaintiff argues without factual support that Rinchem is not subject to qualified immunity under the *Richardson* test because of NMED's limited official supervision of Rinchem employees. The Plaintiff cites to a statement in Defendant

5

Rinchem's Memorandum in Support of Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 5) at 8, filed June 18, 2002, that Rinchem, in its discretion, decided what items to seize. This statement is not supported by any affidavits or any other evidence. In fact, the Tenth Circuit subsequently found that

> [t]he record here provides no relevant facts to discern whether Rinchem was closely supervised by NMED and, therefore, entitled to assert qualified immunity. At best, the record indicates that NMED representatives were present when the warrants was executed. Thus, there is a genuine issue of fact whether Rinchem acted autonomously or under the close supervision and control of NMED.

*Eden*, 105 Fed. Appx. at 242. Rinchem's unopposed affidavits demonstrate that there is no longer a genuine issue of fact as to "whether Rinchem acted autonomously or under the close supervision and control of NMED." *See id*.

Plaintiff also argues against applying qualified immunity to Rinchem because Rinchem's work for NMED involved a lengthy administrative task. The extent of the nature of Rinchem's work for NMED is not relevant to whether Rinchem's involvement in the execution of the administrative search warrant was reasonable for Fourth Amendment purposes.

Next, the Plaintiff argues that the Court should not rely on the affidavits submitted by Rinchem because the affiants, John Fitzsimons and Johnnie Griego, refered to named NMED employees (a "Ms. Maestas" and Defendant Brinkerhoff) and unnamed NMED employees who were not disclosed by Rinchem in its initial disclosures under Fed. R. Civ. P. 26(a)(1)(A). Plaintiff relies on Fed. R. Civ. P. 37(c)(1) to support this argument. Rule 37(c)(1) states that: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any

witness or information not so disclosed." Determining whether a Rule 26(a) violation is substantially justified or harmless under Rule 37(c)(1) is left to the district court's broad discretion. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)(citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). The district court, however, is not required to make explicit findings regarding substantial justification or harmlessness. *Id*. (citing *Woodworker's Supply, Inc.*, 170 F.3d at 993). Even so, the district court should consider these factors in determining whether the Rule 26(a) violation was substantially justified or harmless: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Id*. (citing *Woodworker's Supply, Inc.*, 170 F.3d at 993).

    For purposes of this discussion only, the Court will assume that Rinchem violated Rule 26(a)(1)(A). The Court observes first that the Plaintiff should not be surprised if Defendant Brinkerhoff is called as a witness since she is a Defendant in this case. Additionally, it is unclear whether Rinchem knows Ms. Maestas' full name or the names of the other NMED employees who were present during the search of the Plaintiff's properties. If Plaintiff felt that he needed to discover the names of those employees in order to respond to Rinchem's motion for summary judgment, he could have sought that discovery under Rule 56(f). *See* Scheduling Order and Stay of Discovery (Doc. No. 63), filed Oct. 18, 2004. Even if it were assumed that Plaintiff was prejudiced by Rinchem's failure to disclose witnesses, Rinchem could cure that prejudice by supplementing the initial disclosures under Rule 26(e)(1). Supplementing the initial disclosures at this point in the litigation would not disrupt the trial because a trial date has not been set yet.

Finally, there is no evidence that Rinchem acted in bad faith or wilfully by submitting Fitzsimmons and Griego's affidavits in support of the motion for summary judgment.[4]  Based on these factors, the Court finds that if Rinchem violated Rule 26(a)(1)(A), that violation was at the very least harmless.  Consequently, Rinchem's affidavits should not be excluded under Rule 37(c)(1).

      The Plaintiff also complains that Rinchem's affidavits contain unacceptable hearsay and should, therefore, be excluded for that reason as well.  *See* Fed. R. Civ. P. 56(e)("Supporting and opposing affidavits [made with respect to a motion for summary judgment] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").  The hearsay at issue consists of the instructions given by NMED employees to Rinchem employees regarding which items to seize.  Under Fed. R. Evid. 801(c) "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  By their very nature, orders or instructions are not hearsay because they are "neither true nor false and thus cannot be offered for [their] truth."  *United States v. Shepherd*, 739 F.2d 510, 514 (10th Cir. 1984)(citing *United States v. Keane*, 522 F.2d 534, 558 (7th Cir. 1975), *cert. denied*, 424 U.S. 976 (1976)).  *See also* M. Graham, *Federal Practice and Procedure:  Evidence* §7005 at 63-64 (Interim Edition 2000).  Rather, orders and instructions are offered to show that they occurred, not to prove the truth of the matter asserted.  *Shepherd*, 739 F.2d at 514 (citing *United States v. Alvarez*, 584 F.2d 694, 697-98 (5th Cir. 1978)).  Plaintiff's hearsay objection is, therefore, without merit.

---

[4]The Court notes that good faith alone is not enough to avoid sanctions under Rule 37(c)(1).  *Jacobsen*, 287 F.3d at 954.

In sum, the Court finds that the Plaintiff has failed to show that there is a genuine issue of material fact regarding his claim that Rinchem unreasonably executed the administrative search warrant. The Court further concludes that Rinchem is entitled to summary judgment as a matter of law with respect to the First Cause of Action.

2. Second Cause of Action: Procedural Due Process

Rinchem argues in its reply brief that the Plaintiff is not entitled to pre- or post-seizure hearings in order to satisfy procedural due process requirements.[5] It is well-established that procedural due process does not prohibit the issuance of an *ex parte* administrative search warrant. *See 1120 Cent. Condominiums Owners Ass'n v. City of Seal Beach*, 1995 WL 370330 *2 (9th Cir.), *cert. denied*, 516 U.S. 1047 (1996)(citations omitted). Accordingly, Rinchem did not violate Plaintiff's procedural due process rights by executing the administrative search warrant without first affording Plaintiff a hearing on the administrative search warrant.

Once the state seizes property under a search warrant, procedural due process requires only that the state provide an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). In this case, the applicable state law says "[a] person aggrieved by a search and seizure may move for the return of the property and to suppress its use as evidence." NMRA, Rule 5-212(A). The Plaintiff does not argue that Rule 5-212(A) is an inadequate post-deprivation remedy nor does the Plaintiff indicate that he even availed himself

---

[5]Rinchem did not initially address Plaintiff's Second Cause of Action in its motion for summary judgment. Plaintiff noted in his response brief that Rinchem failed to address the Second Cause of Action. Consequently, Rinchem addressed the Second Cause of Action for the first time in its reply brief. Plaintiff has not requested permission to file a surreply.

of this remedy. "A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d. Cir. 2000)(internal quotation marks omitted). The Court, therefore, finds that the Plaintiff has not shown that there is a genuine issue of material fact regarding his claim that Rinchem violated his procedural due process rights by not providing either a pre- or post-deprivation hearing. The Court also concludes that Rinchem is entitled to summary judgment as a matter of law with regard to Plaintiff's procedural due process claim under the Second Cause of Action. Finally, since Rinchem is entitled to summary judgment under both the First Cause of Action and the Second Cause of Action, Plaintiff's Third Cause of Action (which only requests damages) necessarily becomes moot with respect to Rinchem.[6]

IT IS ORDERED that:

1. Defendant Rinchem's Motion for Summary Judgment (Doc. No. 72) is granted;

2. all of Plaintiff's claims against Rinchem will be dismissed with prejudice; and

3. Plaintiff's substantive due process claim raised in the First Cause of Action will be dismissed with prejudice as to all of the other Defendants as well.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] In fact, the parties do not discuss the merits of the Third Cause of Action in their briefs on Defendant Rinchem's Motion for Summary Judgment.