IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES W. EDEN,

      Plaintiff,

vs.                                                                    Civ. No. 02-0423 JP/LFG

EBERLINE ANALYTICAL
CORPORATION; DEBBIE BRINKERHOFF;
KEVIN KRAUSE; SANDRA MARTINE; and
Unknown DOES 1-5;

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On December 15, 2004, Defendant Eberline Analytical Corporation (Eberline) filed

Eberline Analytical Corporation's Motion for Summary Judgment (Doc. No. 74).  Having

reviewed the briefs and relevant law, the Court finds that Eberline's motion should be granted.

A.  Background

This action involves a July 2000 administrative search warrant prepared by New Mexico

Environment Department (NMED) employees to search two of Plaintiff's properties for the

unlawful storage of hazardous waste.  The state court issued the administrative search warrant

which resulted in the search of Plaintiff's properties and the seizure of various items from those

properties.  Plaintiff claims that the Defendants also destroyed various other items in the course of

searching his properties.

Plaintiff contends that Eberline, a hazardous waste disposal company, was involved in the

execution of the administrative search warrant.  It is, however, uncontested that Benchmark

Environmental Corporation (Benchmark), Eberline's sister corporation, had a professional

services contract with the NMED for the disposal of hazardous waste and that Eberline had no such contract with the NMED.  Benchmark also had a Teaming Agreement with Defendant Rinchem Company, Inc. (Rinchem) to dispose of hazardous waste under the professional services contract with the NMED.  It is further undisputed that both Benchmark and Rinchem were involved in the execution of the administrative search warrant at issue.

Plaintiff brings three causes of action in his First Amended Complaint.  Plaintiff's First Cause of Action is brought under 42 U.S.C. §1983.  Plaintiff alleges that the Defendants engaged in an unreasonable search of Plaintiff's properties, an unlawful seizure of items from his properties, and the destruction of other items on the properties.[1]

Plaintiff's Second Cause of Action is also brought under §1983.  Plaintiff alleges that the Defendants deprived Plaintiff of property without procedural due process under the Fourteenth Amendment.  The Plaintiff bases this cause of action on the allegation that "[a]t no time, either before or after the above property seizure and/or destruction, was there any hearing regarding the taking of the property."  *Id*. at ¶32.

Finally, Plaintiff's Third Cause of Action is actually a request for special damages against all of the Defendants in which the Plaintiff seeks compensation for his "lost time and energy necessary to prosecute this action."  *Id*. at ¶39.

---

[1]On October 20, 2005, the Court dismissed with prejudice the substantive due process claim brought in the First Cause of Action.  Summary Judgment in Favor of Defendant Rinchem Company, Inc. and Dismissal of Substantive Due Process Claim (Doc. No. 118).  The Court dismissed this claim as to all Defendants. *Id*.

2

B.  Discussion

Eberline presents two bases for its motion for summary judgment.[2]  First, Eberline argues that it is a misjoined party.  Second, Eberline argues that if it is a proper party it is nonetheless entitled to qualified immunity.

1.  Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3]  Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with

---

[2]Plaintiff argues that Eberline's motion for summary judgment should be treated as a motion to dismiss because the Honorable Chief Magistrate Judge Lorenzo Garcia stayed discovery on October 18, 2004 so that qualified immunity issues could be resolved.   Although Judge Garcia stayed formal discovery, Judge Garcia, nonetheless, stated that "[i]f a party believes that discovery is necessary in order to file a motion or respond to a motion, that party should proceed in accord with Fed. R. Civ. P. 56(f) and file an affidavit with the Court."  Scheduling Order and Stay of Discovery (Doc. No. 63) at 1-2, filed Oct. 18, 2004.  Plaintiff has not asked for an opportunity to engage in discovery under Rule 56(f).  Plaintiff, therefore, has no basis for his argument that Eberline's motion should be treated as a motion to dismiss.

[3]Eberline notes that the Plaintiff has failed to comply with D.N.M. LR-CV 56.1(b) which states:  "A memorandum in opposition to the motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist.  Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed.  All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted."  Since the Plaintiff is *pro se*, the Court will not penalize the Plaintiff at this time for failing to comply with Local Rule 56.1(b).  However, the Plaintiff will be required to comply with all of the Local Rules in the future.

evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000).   This is a heavy burden for the plaintiff. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)(citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)).  "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1534-35).  If, and only if, the plaintiff establishes both elements of the qualified immunity test does a defendant then bear the traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1535)).  In other words, although the court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Cram*, 252 F.3d

4

at 1128 (citation omitted).

 2. Misjoinder: Fed. R. Civ. P. 21[4]

 Eberline argues that it is not a proper party because Eberline was not involved in the search of the Plaintiff's properties nor was Eberline involved in the seizure of materials from those properties. Specifically, Eberline contends that the NMED and Benchmark (not Eberline) entered into a professional services contract for the disposal of hazardous waste; that Benchmark (not Eberline) and Rinchem entered into a teaming agreement to dispose of hazardous waste for the NMED; that Eberline had no involvement with the execution of the administrative search warrant to search Plaintiff's properties; and that Plaintiff has no personal knowledge that Eberline was involved in the execution of the administrative search warrant to search his properties.  These contentions are based on several documents as well as the affidavits of Bruce Baumgartner (the Benchmark project manager for the Benchmark-NMED professional services contract) and Shelton Clark (president of Eberline).

 The Plaintiff objects to these contentions for several reasons.  First, Plaintiff argues that the Court should disregard the affidavits of Mr. Baumgartner and Mr. Clark because Eberline failed to disclose Mr. Baumgartner and Mr. Clark as potential witnesses in its initial disclosures under Fed. R. Civ. P. 26(a)(1)(A).  Plaintiff relies on Fed. R. Civ. P. 37(c)(1) to support this argument.  Rule 37(c)(1) states that: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to

---

[4]Rule 21 states: "Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately."

discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Determining whether a Rule 26(a) violation is substantially justified or harmless under Rule 37(c)(1) is left to the district court's broad discretion. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)(citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).  The district court, however, is not required to make explicit findings regarding substantial justification or harmlessness.  *Id.* (citing *Woodworker's Supply, Inc.*, 170 F.3d at 993).  Even so, the district court should consider these factors in determining whether the Rule 26(a) violation was substantially justified or harmless:  "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"  *Id.* (citing *Woodworker's Supply, Inc.*, 170 F.3d at 993).

Viewing the evidence in the light most favorable to Plaintiff, the Court assumes that Eberline violated Rule 26(a)(1)(A).  Even if Plaintiff was prejudiced by Eberline's failure to disclose Mr. Baumgartner and Mr. Clark as potential witnesses, Eberline could cure that prejudice by supplementing its initial disclosures under Rule 26(e)(1).  Supplementing the initial disclosures at this point in the litigation would not disrupt the trial because a trial date has not been set yet. Finally, there is no evidence that Eberline acted in bad faith or wilfully by submitting Mr. Baumgartner's and Mr. Clark's affidavits in support of the motion for summary judgment.[5]  Based

---

[5]The Court notes that good faith alone is not enough to avoid sanctions under Rule 37(c)(1).  *Jacobsen*, 287 F.3d at 954.

on these factors, the Court finds that if Eberline violated Rule 26(a)(1)(A), but that violation was harmless.  Consequently, Mr. Baumgartner and Mr. Clark's affidavits should not be excluded under Rule 37(c)(1).

The Plaintiff also complains that Mr. Baumgartner's and Mr. Clark's affidavits contain unacceptable hearsay and should, therefore, be excluded for that reason as well.  *See* Fed. R. Civ. P. 56(e)("Supporting and opposing affidavits [made with respect to a motion for summary judgment] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").  Plaintiff bases this hearsay objection on the fact that although both Mr. Baumgartner and Mr. Clark state in their affidavits that Eberline had no involvement in the execution of the administrative search warrant, Mr. Baumgartner and Mr. Clark were not actually present during the search of Plaintiff's properties.  However, Mr. Baumgartner, as Benchmark's project manager for the Benchmark-NMED professional services contract and as a custodian of Benchmark's records (*see* ¶2 of Mr. Baumgartner's affidavit (Doc. No. 76), filed Dec. 15, 2004), was clearly in a position to make statements based on his personal knowledge that Benchmark participated in the execution of the administrative search warrant, not its sister corporation Eberline.[6]  Moreover, Mr. Clark, as president of Eberline and as a custodian of Eberline's records (*see* ¶2 of Mr. Clark's affidavit (Doc. No. 77), filed Dec. 15, 2004), would likewise be in a position to have personal knowledge as to whether Eberline was involved in the execution of the

---

[6]Plaintiff correctly argues that ¶22 of Mr. Baumgartner's affidavit is unacceptable under Rule 56(e) because it is prefaced with the phrase "upon information and belief."  *See Tavery v. United States*, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994).  The Court will, therefore, not rely on ¶22 of Mr. Baumgartner's affidavit in addressing this motion for summary judgment.

7

administrative search warrant.  Plaintiff's hearsay objection is, therefore, without merit.

Next, Plaintiff argues that he believed that Eberline was involved in the execution of the administrative search warrant because the state court complaint filed against him by NMED stated that NMED had hired Eberline to contain the hazardous waste found on Plaintiff's properties. Eberline argues that Plaintiff's reliance on the state complaint constitutes unacceptable hearsay because the state complaint is not part of the record in this case.  The state complaint, however, is part of the record in the federal court case of  *State of New Mexico, ex rel. Peter Maggiore, in his Capacity as Secretary of the New Mexico Environment Department, and the New Mexico Environment Department v. James Wallace Eden*, Civ. No. 01-1299 LH/DJS where it is attached to the Notice of Removal, filed November 16, 2001.[7]  "In a summary judgment context, it is appropriate for the district court to take judicial notice of pleadings in another case."  *Eden v. Voss*, 105 Fed. Appx. 234, 240 n.6 (10th Cir. 2004).  The Court, therefore, takes judicial notice of the state complaint which states in ¶17 that "NMED hired Eberline Services to containerize the hazardous waste found at Defendant's property...."  Consequently, Eberline's hearsay argument fails.

The Plaintiff also notes that Mr. Baumgartner's affidavit contains several paragraphs which do not exclude the possibility that Eberline was involved in the execution of the administrative search warrant.  Those paragraphs begin: "To the extent that Benchmark, Eberline Analytical, and/or Rinchem participated in the search for and seizure of materials from the Eden Properties between July 20, 2000 and July 24, 2000...."  ¶¶26-29, 31 of Mr. Baumgartner's

---

[7]On October 21, 2002, the Court remanded Civ. No. 01-1299 LH/DJS to state court. Order (Doc. No. 32).  The state case was then later dismissed on June 6, 2003 for lack of prosecution.  *Eden v. Voss*, 105 Fed. Appx. 234, 240 n.6 (10th Cir. 2004).

Affidavit.  These paragraphs were intended to demonstrate that even if Eberline had participated in the execution of the administrative search warrant, its actions would have nonetheless been lawful.  The Court does not interpret these paragraphs as admitting that Eberline was involved in the execution of the administrative search warrant.

Finally, the Plaintiff presented copies of two Invoice Certifications from Kevin Krause, an NMED project Manager, which name Eberline as a contractor involved in the disposal of hazardous waste found on Plaintiff's properties.  In Plaintiff's Declaration of James Eden in Opposition to Summary Judgment Motion of Defendant Eberline (Doc. No. 81), filed January 6, 2005 at ¶3, the Plaintiff indicates that he received these invoices from Randolph Felker, counsel for Defendants Ortiz and Maggiore, both NMED employees.

Eberline argues that Plaintiff's Declaration and the Invoice Certifications attached to the Declaration should be stricken for several reasons.  First, Eberline argues that the Declaration should be stricken because it is not notarized.  Although Plaintiff's Declaration is unsworn, it was made under penalty of perjury.  This type of declaration is acceptable under 28 U.S.C. §1746.

Second, Eberline argues that the Plaintiff lacks personal knowledge regarding the authenticity of the Invoice Certifications.  This argument is likewise without merit.  The fact that the Plaintiff stated under penalty of perjury that he received the Invoice Certifications from Mr. Felker, an attorney in this case, and the fact that Plaintiff stated that those documents "are true and correct copies" are sufficient to authenticate the Invoice Certifications.  *See Taylor v. Principi*, 141 Fed. Appx. 705, 708 (10th Cir. 2005)(plaintiff has a "duty to identify the source of the documents and their absence of alteration to the district court when submitted in response to a motion for summary judgment.").

Third, Eberline argues that the Invoice Certifications should be stricken under Fed. R. Evid. 106 because the Invoice Certifications do not include the "attached invoices" referred to in the Invoice Certifications.  Rule 106 states:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Rule 106, however, "does not bar the admission of incomplete evidence---it only gives the opponent the right to have the evidence completed."  Wright & Graham, *Federal Practice and Procedure:  Evidence 2d* §5079 at 546 (2005).  *See also Milton H. Greene Archives, Inc. v. BPI Communications, Inc.*, 378 F.Supp.2d 1189, 1197 n.6 (C.D. Cal. 2005)("Rule 106 does not authorize the Court to exclude evidence; instead, it permits the adverse party to include evidence.").  Consequently, Eberline cannot use Rule 106 as a basis to strike the Invoice Certifications.

Fourth, Eberline argues in a conclusory manner that the Invoice Certifications should not be considered by the Court under Rule 37(c)(1) because the Plaintiff failed to make Rule 26(a)(1) disclosures of the Invoice Certifications.  Eberline, however, does not address the issues of 1) whether Eberline has suffered any prejudice or surprise; 2) whether Plaintiff could cure any prejudice to Eberline; 3) whether introducing the Invoice Certifications would disrupt a future trial; and (4) whether the Plaintiff has acted in bad faith or willfully.  Since Eberline, which is represented by counsel, has not provided the Court with any further argument on these issues, the Court finds that Eberline's Rule 37(c)(1) argument is also without merit.

Having viewed the evidence in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has presented evidence of a genuine issue of material fact with respect to whether

Eberline was involved in the execution of the administrative search warrant.  Namely, the Plaintiff presented the statement in ¶17 of the state court complaint and the Invoice Certifications which, when taken together, tend to show that the NMED believed it was dealing with Eberline during the execution of the administrative search warrant.  The Court, therefore, cannot conclude that Eberline is entitled to summary judgment on the issue of misjoinder under Rule 21.

    3.  Qualified Immunity

    Eberline further argues that if the Court does not find that it was misjoined, Eberline is nonetheless entitled to qualified immunity.  In discussing qualified immunity with respect to Defendant Rinchem, the Tenth Circuit stated in *Eden*, 105 Fed. Appx. at 241 that "[w]ithout a constitutional violation, Rinchem cannot be liable under §1983 regardless of whether Rinchem, a private company, may assert a qualified immunity defense."  Applying this analysis to Eberline, which is also a private company, the first question then is whether Eberline violated Plaintiff's constitutional rights.  Only if this question is answered in the affirmative will the Court proceed to analyze the qualified immunity issue.

    a.  First Cause of Action:  Execution of the Administrative Search Warrant

    In *Lawmaster v. Ward*, 125 F.3d 1324, 1349 (10th Cir. 1997), the Tenth Circuit summarized the law with respect to Fourth Amendment violations based upon an unlawful execution of a search warrant.

        Although the Constitution does not specifically address how an officer should execute a search warrant, a warrant that is reasonably executed will withstand constitutional scrutiny. The Fourth Amendment provides individuals with security in their homes, and a search warrant, even one properly supported and properly issued, is not a license to breach that security with impunity. An officer's conduct in executing a search is subject to the

Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the moment of departure. However, so long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details of how best to proceed with a search warrant's execution. Occasionally, such details include damaging property, detaining residents, or taking action necessary to protect the searching officers. However, because the touchstone of the constitutionality of an officer's conduct during a search is reasonableness, when executing a search warrant, an officer is limited to conduct that is reasonably necessary to effectuate the warrant's purpose.

We note that whether an officer's conduct is reasonable is a highly fact-dependent inquiry that can only be determined on a case-by-case basis. Essentially then, we look to the totality of the circumstances to determine whether the officer's conduct was reasonably necessary to effectuate the warrant's purposes.

Citations omitted.

In this case, Mr. Baumgartner explained in his affidavit that had Eberline participated in the execution of the administrative search warrant (a fact which Mr. Baumgartner disputes) Eberline would have executed the administrative search warrant according to instructions by NMED employees and the terms of the administrative search warrant. Aside from other arguments already addressed above, the Plaintiff argues that Eberline is not subject to qualified immunity because there is a disputed material issue of fact about Ebeline's participation in the execution of the administrative search warrant. In viewing the evidence in the light most favorable to the Plaintiff, the Court assumes that Eberline participated in the execution of the administrative search warrant. Nonetheless, the Plaintiff did not present any evidence to contradict Mr. Baumgartner's affidavit regarding the manner in which the administrative search warrant was executed nor has the Plaintiff made any arguments about the reasonableness of Eberline's actions. The Court, therefore, finds that the Plaintiff has failed to show that there is a genuine issue of material fact regarding his claim that Eberline unreasonably executed the administrative search warrant. Consequently, Eberline is entitled to summary judgment as a

matter of law with respect to the Fourth Amendment claims raised in the First Cause of Action.

     2.  Second Cause of Action:  Procedural Due Process

     Eberline also argues that the Plaintiff is not entitled to pre- or post-seizure hearings in order to satisfy procedural due process requirements.  It is well-established that procedural due process does not prohibit the issuance of an *ex parte* administrative search warrant.  *See 1120 Cent. Condominiums Owners Ass'n v. City of Seal Beach*, 1995 WL 370330 *2 (9th Cir.), *cert. denied*, 516 U.S. 1047 (1996)(citations omitted).  Accordingly, even if Eberline was involved in the execution of the administrative search warrant, Eberline did not violate Plaintiff's procedural due process rights by executing the administrative search warrant without first affording Plaintiff a hearing on the administrative search warrant.

     Once the state or a state actor seizes property under a search warrant, procedural due process requires only that the state provide an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984).  In this case, the applicable state law says "[a] person aggrieved by a search and seizure may move for the return of the property and to suppress its use as evidence."  NMRA, Rule 5-212(A).  The Plaintiff does not argue that Rule 5-212(A) is an inadequate post-deprivation remedy nor does the Plaintiff indicate that he even availed himself of this remedy.  "A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."  *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d. Cir. 2000)(internal quotation marks omitted).  The Court, therefore, finds that the Plaintiff has not shown that there is a genuine issue of material fact regarding his claim that Eberline violated his procedural due process

rights by not providing either a pre- or post-deprivation hearing.  Consequently, Eberline is entitled to summary judgment as a matter of law with regard to Plaintiff's procedural due process claim under the Second Cause of Action.

Finally, since Eberline is entitled to summary judgment on the Fourth Amendment and procedural due process claims, and since the Court has already dismissed Plaintiff's substantive due process claim against Eberline, Plaintiff's Third Cause of Action (which only requests damages) necessarily becomes moot with respect to Eberline.[8]

IT IS ORDERED that:

1.  Eberline Analytical Corporation's Motion for Summary Judgment (Doc. No. 74) is granted; and

2.  all of Plaintiff's remaining claims against Eberline will be dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[8]In fact, the parties do not discuss the merits of the Third Cause of Action in their briefs on Defendant Eberline's Motion for Summary Judgment.

14