IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES W. EDEN,

      Plaintiff,

vs.                                                                                    Civ. No. 02-0423 JP/LFG

DEBBIE BRINKERHOFF; KEVIN KRAUSE;
SANDRA MARTIN; and Unknown DOES 1-5;

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On January 25, 2005, Defendants Sandra Martin and Kevin Krause filed Defendants

Sandra Martin's and Kevin Krause's Motion to Dismiss (Doc. No. 87).  On March 25, 2005,

Defendant Debbie Brinkerhoff filed Defendant Debby [sic] Brinkerhoff's Motion to Dismiss (Doc.

No. 106)  Having reviewed the briefs and relevant law, the Court finds that Plaintiff's remaining

claims against Defendants Martin, Krause, Brinkerhoff, and Unknown Does 1-5 should be

dismissed with prejudice.

A.  Background

This action involves a July 2000 administrative search warrant prepared by New Mexico

Environment Department (NMED) employees to search two of Plaintiff's properties for the

unlawful storage of hazardous waste.  The state court issued the administrative search warrant

which resulted in the search of Plaintiff's properties and the seizure of various items from those

properties.  The searches and seizures occurred from July 20 to July 24, 2000.  Defendants

Martin, Krause, and Brinkerhoff were NMED employees at the time of the execution of the

administrative search warrant.  Unknown Does 1-5 "were active participants in the incidents

herein."  First Amended Complaint for Civil Rights Violations; Jury Trial Requested (First Amended Complaint)(Doc. No. 66) at ¶12, filed Dec. 7, 2004.

Plaintiff brings three causes of action in his First Amended Complaint.  Plaintiff's First Cause of Action is brought under 42 U.S.C. §1983.  Plaintiff alleges that the Defendants engaged in an unreasonable search of Plaintiff's properties, an unlawful seizure of items from his properties, and the destruction of other items on the properties.[1]

Plaintiff's Second Cause of Action is also brought under §1983.  Plaintiff alleges that the Defendants deprived Plaintiff of property without procedural due process under the Fourteenth Amendment.  The Plaintiff bases this cause of action on the allegation that "[a]t no time, either before or after the above property seizure and/or destruction, was there any hearing regarding the taking of the property."  *Id*. at ¶32.

Finally, Plaintiff's Third Cause of Action is actually a request for special damages against all of the Defendants in which the Plaintiff seeks compensation for his "lost time and energy necessary to prosecute this action."  *Id*. at ¶39.

Although this lawsuit was filed in April 2002, the Plaintiff first named Ms. Martin, Mr. Krause, and Ms. Brinkerhoff as Defendants in his December 7, 2004 First Amended Complaint. Plaintiff substituted Defendants Martin, Krause, and Brinkerhoff for three of the Unknown Does 1-10 named as Defendants in the original complaint.  Defendants Martin, Krause, and Brinkerhoff argue in their motions to dismiss that the applicable three year statute of limitations had run on the

---

[1]On October 20, 2005, the Court dismissed with prejudice the substantive due process claim brought in the First Cause of Action.  Summary Judgment in Favor of Defendant Rinchem Company, Inc. and Dismissal of Substantive Due Process Claim (Doc. No. 118).  The Court dismissed this claim as to all Defendants. *Id*.

claims made against them.

B.  Standard of Review

In considering a motion to dismiss for failure to state a claim, the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A Court is likewise required to liberally construe a *pro se* plaintiff's pleadings; however, mere conclusory allegations will not support a claim without supporting factual averments.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  The Court is not obliged to craft legal theories for the *pro se* plaintiff nor may the Court supply factual allegations to support a *pro se* plaintiff's claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

C.  Discussion

1.  Relation Back Under Fed. R. Civ. P. 15(c)(3)

New Mexico's three year personal injury statute of limitations applies to §1983 claims brought in federal court.  *See, e.g., Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000)(applying NMSA 1978, §37-1-8 (1880)).  Federal law, however, determines when a §1983 cause of action accrues for the purpose of applying a statute of limitations.  *Id*.  Under Rule 15(c), an amended complaint which would otherwise be barred by a statute of limitations can avoid a statute of limitations bar if it relates back to the date of a timely filed original complaint. Defendants Martin, Krause, and Brinkerhoff argue that under of Rule 15(c)(3), Plaintiff's

3

December 2004 First Amended Complaint cannot relate back to Plaintiff's original complaint which was filed in April 2002. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Without any relation back, Defendants Martin, Krause, and Brinkerhoff conclude that the three year statute of limitations bars Plaintiff's claims against them which Plaintiff first asserted in the December 2004 First Amended Complaint because those claims accrued more than three years ago when the administrative search warrant was executed in July 2000.

Rule 15(c)(3) states that an amended complaint will relate back to the original complaint when

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Provision (2) of Rule 15(c) states that relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...."  In *Garrett*, the Tenth Circuit held that substituting named defendants in an amended complaint for unknown "Doe" defendants constitutes an addition of new parties.  362 F.2d at 696.  Consequently, in that situation, the plaintiff must meet all of the requirements of Rule 15(c)(3) in order for the amended complaint to relate back to the date of the original complaint.  *Id*.  In deciding whether all of the requirements of Rule 15(c)(3) are met when substituting named defendants for unknown "Doe" defendants, the Tenth Circuit agreed with the district court which "ruled that the requirements of Rule 15(c)(3) were not satisfied here because, as a matter of law, a plaintiff's lack of knowledge of the intended

4

defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)." *Id*. Applying *Garrett* and its discussion of Rule 15(c)(3) to this case, I conclude that Plaintiff's First Amended Complaint does not relate back to the original complaint with respect to Defendants Martin, Krause, and Brinkerhoff. Therefore, Rule 15(c)(3) does not save Plaintiff's remaining claims against Defendants Martin, Krause, and Brinkerhoff from the three year statute of limitations.

    2. Accrual Date of Procedural Due Process Cause of Action

    The Plaintiff makes several arguments against the contention that the statute of limitations bars the remaining claims against Defendants Martin, Krause, and Brinkerhoff. First, the Plaintiff argues that Defendants Martin, Krause, and Brinkerhoff have not shown that the procedural due process claim accrued in July 2000 or on any particular date at all. Generally, "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993). In a procedural due process context, "a procedural due process claim accrues when a plaintiff is given final notice that she would not receive further process." *Knox v. Davis*, 260 F.3d 1009, 1015 (9th Cir. 2001).

    As a preliminary matter, it is well-established that procedural due process does not prohibit the issuance of an *ex parte* administrative search warrant. *See 1120 Cent. Condominiums Owners Ass'n v. City of Seal Beach*, 1995 WL 370330 *2 (9th Cir.), *cert. denied*, 516 U.S. 1047 (1996)(citations omitted). The Court, therefore, concludes *sua sponte* that Plaintiff's procedural due process claim based on an alleged lack of a pre-deprivation hearing is subject to dismissal

5

with prejudice.[2]  Furthermore, with regard to Plaintiff's allegation that Defendants Martin, Krause, and Brinkerhoff should have given him a post-deprivation hearing, the Plaintiff does not allege that he ever filed a motion to suppress under NMRA, Rule 5-212(A), let alone asked for a suppression hearing.  Under these circumstances, Defendants Martin, Krause, and Brinkerhoff could not have given the Plaintiff any final notice that he would not receive a post-deprivation hearing.  Since the accrual date of the procedural due process claim based on a lack of a post-deprivation hearing cannot be ascertained in the usual way, i.e., when a final notice is given that no further due process will be provided, the Court will construe Plaintiff's First Amended Complaint as alleging that the lack of a post-deprivation hearing is a continuing violation of Plaintiff's right to procedural due process.

A continuing violation of a person's constitutional rights can satisfy a statute of limitations so long as at least one unconstitutional act fell within the statutory filing period.  *McCormick v. Farrar*, 147 Fed. Appx. 716, 720 (10th Cir. 2005).  The continuing violation doctrine is narrowly applied and does not include the continuing "effects" from the original constitutional violation.  *Id*.  There is, however, some question as to whether the Tenth Circuit will adopt the continuing violation doctrine in §1983 cases.  *Id*.  For purposes of this discussion, the Court will assume that the continuing violation doctrine applies to this case.

In *Pike v. City of Mission, Kan.*, 731 F.2d 655, 660 (10th Cir. 1984), *overruled on other grounds by Baker*, 991 F.2d at 633, an employment case, the Tenth Circuit addressed the issue of

_____

[2]A district court may *sua sponte* dismiss a *pro se* plaintiff's claim under Fed. R. Civ. P. 12(b)(6) if "'it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 125 S.Ct. 360 (2004)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

applying the continuing violation doctrine to a claim that defendants violated plaintiff's right to

due process by denying plaintiff's request for an adequate post-termination hearing.  The Tenth

Circuit held that the denial of a post-termination due process hearing was "the natural result of the

original employment decision" to terminate the plaintiff. *Id*.  Consequently, the plaintiff could not

"challenge defendants' time-barred conduct under the theory of continuing violation."  *Id*.  Like

the procedural due process claim in *Pike*, Plaintiff's claim that he did not receive a post-

deprivation hearing was the "natural result" or "effect" of the original decision to search Plaintiff's

properties and seize materials from those properties.  Following *Pike*, the Court finds that the

continuing violation theory is inapplicable to Plaintiff's claim that Defendants Martin, Krause, and

Brinkerhoff violated his procedural due process right to a post-deprivation hearing.

Consequently, the accrual date for Plaintiff's procedural due process claim based on the lack of a

post-deprivation hearing would have been during July 20 to July 24, 2000, well outside the three

year statute of limitations for claims against Defendants Martin, Krause, and Brinkerhoff.

     3.   Relation Back Under Identity of Interest Doctrine

     The Plaintiff further argues that the First Amended Complaint relates back to the date of

the original complaint because Defendants Martin, Krause, and Brinkerhoff, as NMED

employees, have an "identity of interest" with the original named NMED Defendants.  "Identity of

interest generally means that the parties are so closely related in their business operations or other

activities that the institution of an action against one serves to provide notice of the litigation to

the other."  Wright, Miller & Kane, *Federal Practice and Procedure:  Civil 2d* §1499 at 146

(1990).  As mentioned previously, all of the requirements under Rule 15(c)(3) must be met in

order for an amended complaint to relate back to the date of the original complaint.  Those

requirements are: "(1) same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him." *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1390 (10th Cir. 1984). The identity of interest doctrine addresses the second requirement of Rule 15(c)(3), the notice requirement. The Court, however, has already found that under *Garrett*, the Plaintiff cannot meet the third requirement of Rule 15(c)(3), the mistake in identity requirement. Since the Plaintiff plainly does not meet the third requirement and therefore does not satisfy Rule 15(c)(3), it is unnecessary to address the notice requirement issue raised in the Plaintiff's identity of interest arguments. *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998)(both the "notice" and "mistake" clauses in Rule 15(c)(3) must be satisfied before a relation back can occur).

4. Tolling of Statute of Limitations During Pendency of Appeal

The Plaintiff also argues that the three year statute of limitations was tolled during the time this case was on appeal to the Tenth Circuit. When federal courts must determine whether a state statute of limitations is tolled, the federal courts look to the state's law on the tolling of statute of limitations. *See Board of Regents of University of State of N. Y. v. Tomanio*, 446 U.S. 478, 482 (1980). Plaintiff cites to *Bracken v. Yates Petroleum Corp.*, 107 N.M. 463, 760 P.2d 155 (1988) for the proposition that in New Mexico the time during which an appeal is pending tolls a statute of limitations. In *Bracken*, the plaintiff filed a worker's compensation lawsuit in state district court 27 days prior to the expiration of a one year statute of limitations. *Id.* The district judge then dismissed the complaint for lack of venue. *Id.* The plaintiff appealed the district judge's decision and argued that the district judge should have transferred the worker's

compensation claim to a court with proper venue instead of dismissing the claim.  *Id*.  The

plaintiff was concerned that since the worker's compensation claim was dismissed, the statute of

limitations would have barred a refiled complaint.  The New Mexico Supreme Court held that

"the filing of a complaint in an improper venue tolls the statute of limitations" and that "[t]he

statutory period of limitations has been tolled during the pendency of this action, including the

time consumed on appeal."  *Id*. at 463, 466, 760 P.2d at 155, 158.

*Bracken*, however, is distinguishable from this case in two ways.  First, this case does not

involve a complaint filed in an improper venue.  Second, *Bracken* does not address the issue

presented in this case:  Whether the time during which an appeal is pending tolls the statute of

limitations with respect to claims against substituted named defendants which are raised in an

amended complaint filed after the appeal is decided.  In *Bracken*, the statute of limitations was

tolled at the time the plaintiff filed her complaint in an improper venue and that tolling apparently

continued through the time that the appeals were pending and finally decided.

The Plaintiff also cites to *Otero v. Zouhar*, 102 N.M. 482, 697 P.2d 482 (1985), *overruled

on other grounds by Grantland v. Lea Regional Hosp., Inc.*, 110 N.M. 378, 380, 796 P.2d 599,

601 (1990) for the proposition that New Mexico courts would toll the statute of limitations

during the pendency of an appeal.  In *Otero*, the plaintiff filed a premature medical malpractice

lawsuit which the district court stayed pending a requisite preliminary decision by the medical

review commission.  The lawsuit was filed four days before the statute of limitations would have

run.  The New Mexico Supreme Court held that under the New Mexico Medical Malpractice Act

the district court erred in staying the case and that the district court should have dismissed the

lawsuit without prejudice as to Defendant Zouhar so that the plaintiff could pursue his case before

the medical review commission prior to filing a lawsuit.  *Id.* at 485, 697 P.2d at 485.  Submission

of the plaintiff's case to the medical review commission prior to the expiration of the statute of

limitations would have tolled the statute of limitations until after the medical review commission

rendered a decision and then plaintiff would have had 30 days to file a lawsuit.  *Id.*  The New

Mexico Supreme Court held that

> because of a mistaken ruling by the trial court and an appellate decision rendered long
> after timely refiling would have been possible, we hold, that ... strict adherence to the
> procedures required by the [Medical Malpractice] Act, without regard to the
> circumstances creating the procedural bind within which plaintiff now finds himself as a
> result of the appellate process, could improperly elevate procedural considerations over
> plaintiff's constitutional right to petition for redress of grievance.  Particularly is this true
> when the reason for the preliminary screening has been fulfilled.

*Id.* at 485-86, 697 P.2d at 485-86.  The New Mexico Supreme Court, therefore, did not order the

district court to dismiss the complaint on remand.

       *Otero* is likewise distinguishable from this case.  In *Otero* the original complaint was

improperly filed because it was premature.  Consequently, from its inception through the appellate

levels, the original complaint was not valid.  *See also Bracken*, 107 N.M. at 463, 760 P.2d at 155

(the original complaint was improperly filed in the wrong venue).  Furthermore, the district court

in *Otero* prevented the plaintiff from meeting the statute of limitations by improperly staying the

case instead of immediately dismissing the case without prejudice. Here, the Plaintiff filed a timely

valid original complaint which was properly reviewed on appeal.  Additionally, the Court's actions

in this case did not in any way unfairly or unlawfully prevent Plaintiff from meeting the statute of

limitations.  Moreover, the facts in *Otero* did not include an amended complaint filed after the

appeal which substituted named defendants for "Doe" defendants.

In a case more similar to this one, the New Mexico Court of Appeals held in *DeVargas v. State, ex rel. New Mexico Dept. of Corrections*, 97 N.M. 447, 452, 640 P.2d 1327, 1332 (Ct. App. 1981), *cert. quashed*, 97 N.M. 563, 642 P.2d 166 (1982) that "the filing of the original complaint, naming John Doe defendants, did not toll the running of the statute of limitations against the ... defendants added in the amended complaint."  It follows then that if the filing of the original complaint containing "Doe" defendants does not toll the statute of limitations, an appeal of that original complaint would also not toll the statute of limitations.  The Court, therefore, rejects the Plaintiff's argument that the time during the pendency of the appeal in this case somehow tolled the statute of limitations.

5.  Tolling of Statute of Limitations Under 1978 NMSA §37-1-12 (1880)

In addition, the Plaintiff argues that the statute of limitations should be tolled under §37-1-12 which states:

> When the commencement of any action, shall be stayed or prevented by injunction order or other lawful proceeding, the time such injunction order or proceeding shall continue in force shall not be counted in computing the period of limitation.

Plaintiff specifically argues that §37-1-12 applies to this case because he was prevented (or "enjoined") from conducting discovery to determine the names of Unknown Does 1-10 by Fed. R. Civ. P. 26(d) and the pendency of the appeal to the Tenth Circuit.

Rule 26(d) states in pertinent part:  "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Rule 26(d) provides "that in general no formal discovery may be undertaken until the parties have met pursuant to Rule 26(f) and discussed a discovery

plan."  Wright, Miller & Marcus, *Federal Practice and Procedure:  Civil 2d* §2046.1 at 592

(1994). Rule 26(d), however, does not necessarily bar all discovery prior to the Rule 26(f) meet

and confer requirement and the Rule 16(b) initial scheduling conference.  For instance, Rule 26(d)

does not prevent the parties from engaging in informal discovery.  The parties can also stipulate to

begin formal discovery before the Rule 16(b) initial scheduling conference.  *Id*.  Finally, a party

can move for expedited discovery if good cause is shown.  *Id*.  Since Rule 26(d) is not an absolute

bar to discovery, the Court finds that Rule 26(d) is not the kind of "lawful proceeding" which

§37-1-12 contemplated as tolling the statute of limitations.

Furthermore, there is no indication that the appeal in this case necessarily prevented

Plaintiff from determining the identities of Defendants Martin, Krause, and Brinkerhoff.  Plaintiff

could have made informal inquiries regarding the names of Unknown Does 1-10 while the appeal

was pending.  Plaintiff provided no evidence that he was thwarted from doing so.  Accordingly,

the Court finds that the appeal in this case was not a "lawful proceeding" which "stayed or

prevented" the Plaintiff from discovering the names of Defendants Martin, Krause, and

Brinkerhoff.  Finally, the Court notes that Plaintiff has been dilatory in participating in the

discovery process[3] and has failed to make any discovery requests (formal or informal) when given

the opportunity to do so.  The Plaintiff should, therefore, not be able to benefit from his

reluctance or refusal to participate in the discovery process.

---

[3]*See* Order to Show Cause (Doc. No. 33), filed Sept. 25, 2002, for failure to comply with
the initial scheduling order, failure to cooperate in preparing Initial Pretrial Report, failure to
cooperate in preparing provisional discovery plan, and failure to appear at Rule 16(b) conference;
Order to Show Cause (Doc. No. 54), filed Aug. 19, 2004, for failure to comply with
Discovery/Scheduling Order, failure to meet and confer, and failure to prepare provisional
discovery plan and Initial Pretrial Report.

6.  Tolling of the Statute of Limitations Under 1978 NMSA §37-1-9 (1880) and the
Fraudulent Concealment Doctrine

Plaintiff also argues that the statute of limitations should be tolled under §37-1-9 by

making the unsupported assertion that Unknown Does 1-10 were concealed within the state or

even absent from the state.  Section 37-1-9 states:

> If, at any time after the incurring of an indebtedness or liability or the accrual of a cause of
> action against him or the entry of judgment against him in this state, a debtor shall have
> been or shall be absent from or out of the state or concealed within the state, the time
> during which he may have been or may be out of or absent from the state or may have
> concealed or may conceal himself within the state shall not be included in computing any
> of the periods of limitation above provided.

This tolling provision, however, does not apply to this case because it applies to the concealment

of a "debtor."  Instead, the Court construes Plaintiff's argument under §37-1-9 to be a fraudulent

concealment argument, made under 1978 NMSA §37-1-7 (1880), to the effect that the identities

of Unknown Does 1-10 were concealed from Plaintiff and that such a fraudulent concealment

tolled the statute of limitations.

New Mexico law recognizes that the statute of limitations can be tolled under the doctrine

of fraudulent concealment.  *See* §37-1-7.  A party asserting fraudulent concealment has the

burden of establishing:

> (1) the use of fraudulent means by the party who raises the bar of the statute; (2)
> successful concealment from the injured party; and (3) that the party claiming fraudulent
> concealment did not know or by the exercise of reasonable diligence could not have
> known that he might have a cause of action.

*Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 698, 858 P.3d 66, 74

(1993), *cert. denied*, 510 U.S. 1116 (1994).  The party asserting fraudulent concealment cannot

rely on bald allegations of fraudulent concealment but rather must plead fraudulent concealment

with particularity.  *Id*.  Furthermore, "the party asserting estoppel must sustain the burden of showing not only that he failed to discover the cause of the action prior to the running of the statute of limitations, but also that he exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence."  *Id*.

Even if the original NMED Defendants or their attorney concealed the names of Unknown Does 1-10, the Plaintiff, nonetheless, has failed to carry his burden of showing that the concealment was fraudulent in nature or that the original NMED Defendants or their attorney engaged in an affirmative act of fraudulent concealment which frustrated the Plaintiff's ability to discover the names of Unknown Does 1-10.[4]  In addition, in light of the fact that the Plaintiff was able to name Defendants Martin, Krause, and Brinkerhoff in the First Amended Complaint, the Plaintiff cannot claim that the original NMED Defendants or their attorney successfully concealed those names from him or that reasonable due diligence would not have necessarily resulted in the discovery of those names.  Finally, Plaintiff's assertion of fraudulent concealment is based largely on bald assertions.  The Court finds that the Plaintiff has failed to demonstrate that the doctrine of fraudulent concealment should toll the statute of limitations.

8.  Tolling of the Statute of Limitations Under the Equitable Estoppel Doctrine

Finally, the Plaintiff argues that equitable estoppel should toll the statute of limitations.  As stated in *Hagen v. Faherty*, 2003-NMCA-060 ¶16, 133 N.M. 605, *cert. denied*, No. 27,961 (2003)(quotations omitted),

---

[4]Plaintiff alleges that the NMED attorney should have made Rule 26(a) initial disclosures which would have named the "Doe" Defendants.  The failure to act, however, is not an affirmative act.

> [t]he essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.

Plaintiff argues that:  1) Defendants Martin, Krause, and Brinkerhoff had constructive knowledge of this lawsuit; 2) Defendants Martin, Krause, and Brinkerhoff and the NMED attorney would have expected the Plaintiff to be unable to act without the names of Unknown Does 1-10; 3) the NMED attorney knew the names of Unknown Does 1-10; 4) Plaintiff did not know the identities of Unknown Does 1-10 and lacked the means of obtaining those names since he was barred from discovery for most of the time that the case has been pending; 5) Plaintiff had to rely on the anonymity of Unknown Does 1-10; and 6) Plaintiff would be prejudiced if his claims against Defendants Martin, Krause, and Brinkerhoff are dismissed because "recovery of damages against any other defendant would be speculative."  Plaintiff's Response to Defendants Martin and Krause's Motion to Dismiss (Doc. No. 101) at 7-8, filed March 1, 2005.

Plaintiff's reasoning is flawed for several reasons.  First, as Defendants Martin, Krause, and Brinkerhoff argue, the inclusion of Defendants Martin, Krause, and Brinkerhoff in Plaintiff's First Amended Complaint demonstrates that the Plaintiff had the means to find out the names of three of the Unknown Does 1-10.  Second, if Plaintiff had the means to find out the names of Defendants Martin, Krause, and Brinkerhoff, then Plaintiff's argument that Defendants Martin, Krause, and Brinkerhoff and the NMED attorney expected Plaintiff to be unable to name those Defendants becomes suspect.  Third, Plaintiff's reliance argument is not based on "the <u>conduct</u> of

15

the party estopped."  Rather, Plaintiff's reliance argument is that he "had no choice but to rely on the anonymity of these defendants." *Id*. at 8.  Fourth, Plaintiff's prejudice argument based on speculative damages regarding the other Defendants also fails because Plaintiff no longer has any claims of damages against those Defendants; Plaintiff's claims against the other Defendants have either been dismissed or will be dismissed.  In sum, the Court finds that equitable estoppel does not toll the statute of limitations and that the remaining claims against Defendants Martin, Krause, and Brinkerhoff are barred by the statute of limitations.

9.  Unknown Does 1-5

The Plaintiff likewise faces the same statute of limitations problem with respect to Unknown Does 1-5 as he did with Defendants Martin, Krause, and Brinkerhoff.  For the reasons just discussed, the Court *sua sponte* finds that even construing Plaintiff's *pro se* First Amended Complaint liberally, it is "patently obvious" from the face of the First Amended Complaint that the statute of limitations would bar any attempt by Plaintiff to further amend his complaint to bring claims against Unknown Does 1-5.  Moreover, Plaintiff's procedural due process claim based on the lack of a pre-deprivation hearing should also be dismissed *sua sponte* as to Unknown Does 1-5 for the same reason that claim should be dismissed *sua sponte* as to Defendants Martin, Krause, and Brinkerhoff.  Consequently, the Court will *sua sponte* dismiss Plaintiff's remaining claims against Unknown Does 1-5.

IT IS ORDERED that:

1.  Defendants Sandra Martin's and Kevin Krause's Motion to Dismiss (Doc. No. 87) is granted and all of the Plaintiff's remaining claims against Defendants Martin and Krause will be dismissed with prejudice;

16

2.   Defendant Debby [sic] Brinkerhoff's Motion to Dismiss (Doc. No. 106) is granted and all of Plaintiff's remaining claims against Defendant Brinkerhoff will be dismissed with prejudice; and

3.   Plaintiff's remaining claims against Unknown Does 1-5 will be dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

17